UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRICIA ROBINSON,

    Plaintiff,

v.                                                                                                          Case No.: 8:25-cv-363-TPB-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    The plaintiff Tricia Robinson moves unopposed for the award of $2,776.56 in attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 19. Shortly after Robinson filed her opening brief, the Commissioner moved unopposed to remand this action under sentence four of 42 U.S.C. § 405(g). Doc. 14. An order granted that motion, and the Clerk entered a judgment in favor of Robinson and against the Commissioner. Docs. 16–17.

    Robinson timely[1] petitions for an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. §

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of ninety days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B). Here, the plaintiff timely filed an application for fees on September 5, 2025, Doc. 19, seventy-nine days after judgment. *See* FED. R. CIV. P. 6(a)(1)(C).

405(g) is a prevailing party), *superseded by rule on other grounds*, FED. R. CIV. P. 58(c)(2)(B). The EAJA permits an award of "fees and other expenses" incurred by the prevailing party in certain civil actions against the United States unless the position of the United States was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Here, Robinson is the prevailing party because of the judgment entered against the Commissioner. Doc. 17; *Shalala*, 509 U.S. at 300–02. As demonstrated by the motion to proceed *in forma pauperis*, Doc. 2, Robinson qualifies as a "party" based on her net worth at the time of filing. Robinson argues, and the Commissioner effectively concedes, that neither a substantial justification nor a special circumstance warrant denying the request for fees. Doc. 19 at 2, 4.

Although a request for attorney's fees should not "'result in a second major litigation,'" the fee applicant bears the initial burden of supplying "specific and detailed evidence" supporting the application. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In support of the requested attorney's fees, Robinson submits a legal memorandum, affidavits from her attorneys attesting to the amount requested, and an itemized ledger of the attorneys' time on the case. Docs. 19, 19-2, 19-4, 19-5, 19-6. Robinson seeks $2,776.56 for 10.8 hours of work, which results in an average hourly rate of $257. Doc. 19-2. Based on the work performed in this case and the supporting documents contained in the plaintiff's motion, both the hourly rate and

hours expended appear reasonable and compensable under the EAJA. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1839 (11th Cir. 1997); *Norman*, 836 F.2d at 1301–03.

After an order awarding EAJA fees, the United States Department of the Treasury determines whether Robinson owes a debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government."). Absent a federal debt, the government will accept Robinson's assignment of EAJA fees and pay the fees directly to her counsel. Therefore, for the reasons stated above, I recommend granting the unopposed motion for $2,776.56 in attorney fees under the EAJA, Doc. 19. Unless the Department of Treasury determines that Robinson owes a federal debt, the defendant must pay the fees to Robinson's counsel in accord with Robinson's assignment of fees. *See* Doc. 19-1.

**REPORTED** on this 8th day of September, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.